IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD WILLIAMS,** | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:24-cv-164-DWD |
| | ) |
| **DANIEL MONTI, Warden of Centralia Correctional Center,** | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Centralia Correctional Center, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254.[1] The Petition is now before the Court for a preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

On July 20, 2018, Petitioner pled guilty to 2 counts of aggravated criminal sexual abuse of a minor under the age of 13 years old. (Doc. 1, pgs. 1, 25-26). On September 20, 2018, he was sentenced to terms of imprisonment of 29 years and 30 years on counts I and II, respectively, which are to be served consecutively. (Doc. 1, pgs. 1, 25-26).

---

[1] Petitioner filed a seemingly identical Petition to initiate Case No. 24-cv-165-SPM, which was later transferred to the undersigned. The Court consolidated the two cases under Federal Rule of Civil Procedure 42(a)(2) on April 10, 2024. (Doc. 10). All filings shall now bear Case No. 24-cv-164-DWD. (Doc. 10).

Petitioner did not directly appeal the judgment of conviction. (Doc. 1, pg. 2). However, he filed postconviction petitions in the Circuit Court of St. Clair County. (Doc. 1, pgs. 3-6, 41-45). Petitioner filed a *pro se* postconviction petition and a first amended postconviction petition on November 20, 2019, and September 24, 2020, respectively, claiming, among other things, *Brady* violations and errors rendering Petitioner's sentence void. (Doc. 1, pgs. 3-4, 26-27). Petitioner filed a second amended postconviction petition on November 10, 2020, claiming ineffective assistance of plea counsel in relation to the aforementioned sentencing errors. (Doc. 1, pgs. 4, 28). Petitioner filed a third amended postconviction petition on May 17, 2021, again claiming the ineffective assistance of plea counsel. (Doc. 1, pgs. 5, 29). The third amended postconviction petition also added a claim of actual innocence based on medical examinations indicating the victim of Petitioner's underlying offenses had chlamydia, but Petitioner did not. (Doc. 1, pgs. 5, 29).

The third amended postconviction petition was dismissed on October 1, 2021. (Doc. 1, pgs. 5, 31). However, the Illinois Appellate Court, Fifth District, reversed that dismissal, on the basis that "the record rebut[ted] the presumption that postconviction counsel complied with" Illinois Supreme Court Rule 651(c), and remanded the matter for new second-stage proceedings with the appointment of new postconviction counsel. (Doc. 1, pgs. 5, 39). The Illinois Appellate Court, Fifth District, advised that "[i]n fulfilling Rule 651(c) duties, new postconviction counsel should make any amendments necessary to adequately assert defendant's contentions of constitutional error and remove any claim that lacks legal merit." (Doc. 1, pg. 39). And, importantly, this record

and the docket in the Circuit Court of St. Clair County indicate the state postconviction proceedings remain ongoing. *See People v. Williams*, No. 17-CF-195; (Doc. 5).[2]

Now, the abstention principles articulated in *Younger v. Harris* counsel that, absent extraordinary circumstances, federal courts should not interfere with ongoing state judicial proceedings. *See* 401 U.S. 37, 53 (1971); *Hickey v. Duffy*, 827 F.2d 234, 244 (7th Cir. 1987) (Flaum, J., concurring); *see also Price v. Superintendent, Miami Corr. Facility*, No. 9-cv-409, 2009 WL 3762336, *1 (N.D. Ind. Nov. 9, 2009) (noting *Younger* abstention applies if there are ongoing state judicial proceedings that implicate important state interests and there is an adequate opportunity to raise constitutional challenges in those state judicial proceedings). The interests of comity and federalism require a state court to have the first opportunity to decide a petitioner's claims. *Yeoman v. Pollard*, 875 F.3d 832, 837-38 (7th Cir. 2017) (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). Therefore, a petitioner must exhaust his or her state court remedies before seeking relief under § 2254, meaning he or she must "fairly present" the claims in the state court. *Id.* (citing *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To "fairly present" claims, a petitioner must assert the claims "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Id.* (citing *Boerckel,* 526 U.S. at 845). The petitioner must raise the claims "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id*. In Illinois, this includes a

---

[2] The record indicates, at some unknown time, Petitioner also filed a *pro se* fourth amended postconviction petition. (Doc. 1, pgs. 41-45).

3

petition for leave to appeal that is filed in the Supreme Court of Illinois. *Soto v. Truitt*, No. 96-cv-5680, 2023 WL 112585, *8 (N.D. Ill. Jan. 5, 2023) (quoting *Boerckel,* 526 U.S. at 845)).

Relatedly, a petitioner who exhausts his or her state court remedies without fairly presenting claims at each level of the state court has procedurally defaulted those claims. *Id*. (citing *Boerckel,* 526 U.S. at 848-49); *Howard v. O'Sullivan,* 185 F.3d 721, 725 (7th Cir.1999); *Momient-El v. DeTella,* 118 F.3d 535, 541 (7th Cir.1997)). Procedural defaults bars federal habeas relief unless the petitioner shows cause for and prejudice from the default or a miscarriage of justice stemming from the denial of relief. *Id*. (citing *Wainwright v. Sykes,* 433 U.S. 72, 86-87 (1977); *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986)).

Here, the Court emphasizes that Petitioner does not allege his Petition is "mixed"—*i.e.*, that "it presents both exhausted and not exhausted claims"—as to support staying the Petition and holding it in abeyance. *Evans v. Scott*, No. 15-cv-1122, 2018 WL 501337, *4 (S.D. Ill. Jan. 22, 2018) (citing *Rhines*, 544 U.S. at 276). Instead, the record fails to indicate that *any* of Petitioner's claims are exhausted, *i.e.*, that they have been subject to "one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *See Yeoman*, 875 F.3d at 837-38. To the contrary, Petitioner did not directly appeal the judgment of conviction. (Doc. 1, pg. 2). Petitioner filed various amended postconviction petitions in the Circuit Court of St. Clair County. (Doc. 1, pgs. 3-4). Of note, the third amended postconviction petition was dismissed by the Circuit Court of St. Clair County before that court, in the only appeal reflected by the instant record, was reversed by the Illinois Appellate Court, Fifth District. (Doc. 1, pgs. 5, 39). The record demonstrates the state proceedings, where Petitioner is represented by

4

counsel, remain ongoing following the remand. In short, Petitioner has not exhausted his state remedies and, notably, it does not appear a dismissal of the operative postconviction petition by the Circuit Court of St. Clair County will satisfy that requirement.

Therefore, the Court finds, without consideration of the merits, the Petition must be **DISMISSED without prejudice** to allow for exhaustion in the state court. *See Brown v. Wisconsin*, No. 14-cv-872, 2015 WL 631288, *3 (E.D. Wisc. Feb. 12, 2015) (finding, despite filing of a § 2254 petition, a dismissal without prejudice was required since the court could not ignore ongoing state-court proceedings or the fact that "a habeas petition '*shall not* be granted' if state-court remedies are unexhausted") (Emphasis in original.). Also, the Motion to Stay (Doc. 5), which only seeks a stay "until the end of April 2024…[when] I will be done with the State court system," is **DENIED**. As noted above, Petitioner will not "be done with the State court system" even if the operative amended postconviction petition is dismissed by the Circuit Court of St. Clair County. The Clerk of the Court is **DIRECTED** to enter a judgment consistent with this Memorandum & Order.

Finally, under Rule 11 of the Rules Governing Section 2254 Cases in the U.S. District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a certificate of appealability to issue, Petitioner must show that "reasonable jurists" would find the Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). However, where a petition is dismissed on procedural grounds, without

consideration of the underlying constitutional issue, Petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable that the Court's ruling on exhaustion is correct. Therefore, the Court **DENIES** a certificate of appealability. If Petitioner wishes to pursue an appeal, he may reapply for a certificate of appealability with the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**SO ORDERED.**

Dated: April 12, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge
