IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 3:24-cv-164-DWD |
| JEFFREY WEHKING, Warden of Centralia Correctional Center, | ) ) ) ) |
| Respondent.[1] | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Centralia Correctional Center, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254.[2] However, the Petition did not survive a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. (Doc. 11). The Court noted, *inter alia*, the record in this case and the docket in the Circuit Court of St. Clair County indicated state postconviction proceedings were ongoing. *See People v. Williams*, No. 17-CF-195; (Docs. 5; 11, pgs. 2-3). Therefore, the abstention principles articulated in *Younger v. Harris* counseled that, absent extraordinary circumstances, the Court should not interfere with those ongoing proceedings. (Doc. 11, pg. 3) (citing 401 U.S. 37, 53 (1971); *Hickey v. Duffy*, 827 F.2d 234, 244 (7th Cir. 1987) (Flaum, J., concurring); *Price v. Superintendent, Miami Corr. Facility*, No. 9-cv-409, 2009 WL 3762336,

---

[1] The Court notes Jeffrey Wehking replaced Daniel Monti as the day-to-day warden at Centralia Correctional Center. The Clerk of the Court is **DIRECTED** to substitute Wehking for Monti on the docket.

[2] Petitioner filed a seemingly identical Petition to initiate Case No. 24-cv-165-SPM, which was later transferred to the undersigned. The Court consolidated the two cases under Federal Rule of Civil Procedure 42(a)(2) on April 10, 2024. (Doc. 10). All filings now bear Case No. 24-cv-164-DWD. (Doc. 10).

\*1 (N.D. Ind. Nov. 9, 2009); *Yeoman v. Pollard*, 875 F.3d 832, 837-38 (7th Cir. 2017); *Soto v. Truitt*, No. 96-cv-5680, 2023 WL 112585, \*8 (N.D. Ill. Jan. 5, 2023)). The Court dismissed the Petition, without prejudice or consideration of the merits, to allow for exhaustion in the state court, where Petitioner had legal counsel. (Doc. 11, pgs. 4-5) (citing *Yeoman*, 875 F.3d at 837-38; *Brown v. Wisconsin*, No. 14-cv-872, 2015 WL 631288, \*3 (E.D. Wisc. Feb. 12, 2015)). Judgment was entered and a certificate of appealability was denied, as reasonable jurists would not debate the correctness of the exhaustion ruling. (Docs. 11, pgs. 5-6; 12)

Now, Petitioner has filed a Motion and Affidavit for Permission to Appeal *In Forma Pauperis*. (Doc. 18). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term…[when he sues]…on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *accord Murphy v. Zatecky*, No. 19-cv-4602, 2020 WL 8461540, \*1 (S.D. Ind. Oct. 27, 2020). Further, "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000) (discussing *Lee*); s*ee also Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.") (Emphasis in original.).

Here, the case was dismissed, without prejudice or consideration of the merits, to allow for exhaustion in the state court. (Doc. 11). Petitioner offers no argument as to why that conclusion is incorrect. In fact, the "issues on appeal" section of the instant Motion

was left blank. (Doc. 18, pg. 1). Therefore, for the same reasons discussed at Doc. 11, the Court **CERTIFIES** under the above-discussed authorities that Petitioner's appeal is not taken in good faith. The Court further **DENIES** the Motion and Affidavit for Permission to Appeal *In Forma Pauperis*. Petitioner must tender the full appellate filing and docketing fee or reapply for leave to proceed *in forma pauperis* on appeal with the Seventh Circuit.

    **SO ORDERED.**

    Dated: February 20, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge